**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Fort Lauderdale Division**

**Case Number: 19 – CIV - 61776**

**RAYMOND T. MAHLBERG,**

      **Plaintiff,**

**v.**

**HOLIDAY DIVER, INC.,**
**d/b/a Divers Direct,**
**a Florida Profit Corporation,**

      **Defendant.**

_____/

## COMPLAINT FOR PERMANENT INJUNCTIVE RELIEF

**COMES NOW**, Plaintiff Raymond T. Mahlberg ("Plaintiff "or "Mahlberg"), by and through undersigned counsel, files this Complaint for Permanent Injunctive Relief pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§s 12181-12189 ("ADA"), 28 U.S.C. §2201 and 2202 as well as 28 CFR Part 36 Regulations. This is also an action for compensatory damages and injunctive relief to prevent the continuing act of trespass by Defendant against the Plaintiff's personal property, mobile smartphone device and personal computer for trespass.

1. This Court has jurisdiction over this case based on federal question jurisdiction, as provided in 28 U.S.C. §1331 and the provisions of the ADA.

2. Plaintiff is a visually-impaired and legally blind person (disabled) who requires assistance through screen-reading software to read website content using his computer.  Plaintiff

uses the term "blind" or "visually impaired" as legally blind. Disable as defined by ADA and Amendment acts of 2008, 42 USC §12101 (ADAAA).

3. Plaintiff is filing this Complaint against Defendant HOLIDAY DIVER, INC. ("Defendant" or "Divers Direct") for injunctive relief, damages, attorneys' fees and costs, including, but not limited to, court costs and expert fees, pursuant to Title III of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§s 12181-12189 ("ADA"). *See also* 28 U.S.C. 2201 and 2202 as well as ADA 28 CFR Part 36 Regulations.

4. Furthermore, because this Court has jurisdiction over the ADA claim, the Court has supplementary jurisdiction over Plaintiff's common law tort claim pursuant to 28 U.S.C. §1367.

5. Plaintiff is sui juris, and he is disabled as defined by the ADA and ADA Amendments Act of 2008, 42 U.S.C. §12101 ("ADAAA").

6. Defendant's failure to design, construct, maintain, and operate its website https://www.diversdirect.com to be fully and equally accessible to and independently usable by Plaintiff, constitutes in Defendants' denial of full and equal access to its website, and therefore denial of its products and services offered thereby in conjunction with its physical location(s), resulting in a violation of Plaintiff's rights under the Americans with Disabilities Act ("ADA").

7. Defendant's website https://www.diversdirect.com (the "Website" or Defendant's website). Defendant owns and operates the website and Divers Direct stores that are located in Orlando, Fort Lauderdale, Miami and Key West, Florida. Divers Direct headquarter is located in Dania Beach FL 33004.

8. Plaintiff Raymond T. Mahlberg, a blind veteran of the U.S. military, residing in Orlando, Florida brings this action under the Americans with Disabilities Act in Federal Court.

2

9. Blind and visually impaired citizens must use screen reading software[1] or other assistive technologies in order to access website content. Plaintiff cannot use his mobile device or personal home computer without the assistance of appropriate and available screen reader software to understand websites.

10. Defendant's Website contains digital source code barriers where screen-readers for the blind do not work.

11. This case arises out of the fact that Defendant Divers Direct.  Inc. has operated its business in a manner and way that effectively excludes individuals who are visually impaired from access to Defendants' Divers Direct website based upon Defendant's failure to provide auxiliary aids and services for effective communications.

12. Plaintiff seeks injunctive relief pursuant to 28 U.S.C. §§ 2201 and 2202.

13. Plaintiff, a legally blind person, is impeded to access and communicate with Defendant effectively and timely such that allowing access to Defendants' various business locations; as such impediment as rendered Defendants' physical places of accommodation not fully accessible to the visually impaired.

14. Plaintiff has attempted to access Defendant's Website in the past, and intends to continue to attempt to access Defendant's Website https://www.diversdirect.com.

15. However, unless Defendant is required to eliminate the access barriers at issue and required to change its policies so that access barriers do not reoccur on Defendant's Website https://www.diversdirect.com, Plaintiff will continue to be denied full access to the Divers Direct website.

---

[1] "screen reader" is a software application that enables people with severe visual impairments to use a computer. Screen readers work closely with the computer's Operating System (OS) to provide information about icons, menus, dialogue boxes, files and folders.

16. Venue is proper in the Southern District of Florida, since Defendant's headquarter is located in Broward-Dania Beach, where corporate actions corporate decisions are made, and a substantial part of the events giving rise to the claims occurred in the Southern District of Florida. Pursuant to 28 U.S.C. §1391(b).

17. Plaintiff's claims asserted herein arose in this judicial district.

18. Plaintiff is a resident of Orlando, FL 32817. Plaintiff was told that there are several Divers Direct stores in Florida. (Florida area: Orlando, Fort Lauderdale, Key Largo and Key West).

19. This is an action injunctive relief pursuant to Title III of the Americans with Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA"), 28 C.F.R. § 36.201 and to prevent discrimination which includes equal access and effective communications with Defendants' business. This Court has jurisdiction under 28 U.S.C. §§ 1331 and 1343.

20. Plaintiff also seeks injunctive relief for trespass against the Plaintiff's computer. The computer is Plaintiff's personal property, and a claim for trespass attached to same.

21. The Defendant is also liable for compensatory damages to Plaintiff as a result of the trespass to Plaintiff's personal property.

22. The remedies provided under common law for trespass are not exclusive, and same may be sought in connection with suits brought under the ADA.

23. Defendant owns 4 locations in Florida, offering diving equipment and special diving clothing, equipment and gifts. The defendant's headquarter is in Florida located in Dania Beach-Broward County- Florida.

24. Plaintiff Mahlberg, is a resident of Orlando, FL. Plaintiff, who is legally blind, and a member of a protected class under the ADA. Whereby, he has a disability within the meaning of 42 U.S.C. § 12102(1)-(2), the regulations implementing the ADA set forth at 28 CFR §§ 36.101

*et seq.* Plaintiff suffered an assault to the back of his head in 2004 which caused damage and atrophy of the optic nerve, and as a consequence, is legally blind.  Plaintiff is a legally blind individual who has a physical impairment that substantially limits the major life activity of seeing. Accordingly, he has a disability within the meaning of 42 U.S.C. § 12102 and 28 C.F.R. § 35.104. Plaintiff is a qualified individual with a disability within the meaning of 42 U.S.C. § 12131(2) and 28 C.F.R. § 35.104. Plaintiff cannot use the computer without the assistance of a screen reader software.

25. Defendant is Divers Direct a Florida for profit Corporation. Defendant is the owner and operator of a chain of stores under the brand "Divers Direct".

26. Upon information and belief, at all times material hereto, Defendant owns, operates, and/or manages the day-to-day affairs and stores of Divers Direct and integrated online store https://www.diversdirect.com, which are operating within Orange, Broward, Miami-Dade and Monroe Counties in the State of Florida.

27. Defendant is defined as a "Public Accommodation" within meaning of Title III because Defendant is a private entity which owns and/or operates "[A] bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment," 42 U.S.C. §12181(7)(E) and 28 C.F.R. §36.104(5).

28. Each of Defendant's Divers Direct stores are open to the public and each is a place of Public Accommodation subject to the requirements of Title III of the ADA and its implementing regulation as "[A] bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment," as defined by 42 U.S.C. §12181(7)(E); §12182, and 28 C.F.R. Part 36.

29. Defendant's Divers Direct website is a place of Public Accommodation per 42 U.S.C. Section 12181(7)(E) because it's an extension of Defendant's brick and mortar stores. The public accessing the https://www.diversdirect.com website is able to locate the Defendant's retail stores, allows consumers to purchase wetsuits, snorkel and diving accessories, create an account, order online and pick up at the nearest store to Plaintiff's home in Orlando, FL.

30. Defendant has control over its website, and/or operates his web pages, including image and data content. Defendant owns and operate the domain name https://www.diversdirect.com, that is configured for use by mobile devices such as smartphones, as well as regular computer laptops and desktops to access Defendant's website.

31. Defendant's Website is offered by Defendant as a way for the public to communicate with Divers Direct merchandise.  Defendant's Website also permits the public to register-create an online account, wetsuits clothing, diving equipment and training, with pick up at Divers Direct brick-mortar stores, as well as to locate Divers Direct. stores.

32. The Website is an integral part of the goods and services offered by Defendant's store, because website and physical stores are heavily integrated. By this nexus/relationship between the store and the Website is characterized as a Place of Public Accommodation pursuant to Title III, 42 U.S.C. §12181(7)(E) of the ADA.

33. Plaintiff is a customer of Divers Direct merchandise, through his internet inquiries, and his intent to patronize Divers Direct stores, not only online as physically going to the physical stores to pick up the merchandize bought online, especially the Snorkel/Free-Dive training and equipment offered by Divers Direct stores. Plaintiff could not find Divers Direct' specific addresses nearest to his home that offers the Snorkel and /or Freedive training certification.

34. As a result of Plaintiff being legally blind, Plaintiff uses screen reader software. Before he embarks on any venture from his home, he studies the location where he is seeking to patronize through using the internet. In the case of Plaintiff's investigation of Divers Direct  store locations, Plaintiff went to Defendant's Website https://www.diversdirect.com to learn (1) how to navigate to and from Divers Direct location; (2) the cost of Divers Direct  merchandise available for sale; (3) times and dates of operation at Divers Direct stores in his area so he can arrange transportation with the intent of purchasing Divers Direct men' diving clothing and equipment, (4) create an online account, (5)  check schedule, dates and location of the Snorkel/Free-Dive training available at Defendant's store, (6)exclusive online deals, (7) read the Privacy Policy and (8) return policy.

35. Like most consumers, Plaintiff accesses numerous websites at a time to compare merchandise and prices, sales, discounts, and rewards programs. Plaintiff may look at several dozens of sites to compare features, models, quality and prices.

36. During the plaintiff's several visits to the website using JAWS (most popular computer screen-reader) and VoiceOver (mobile) , occurring in June 30, 2019 and the last in July 20, 2019, the plaintiff encountered multiple access barriers that denied the plaintiff full and equal access to the facilities, goods and services offered to the public and made available to the public; and that denied the plaintiff the full enjoyment of the facilities, goods, and services of the website, as well as to the facilities, goods, and services of Defendant's locations in South Florida.

37. Plaintiff was impeded to patronize Divers Direct stores by Plaintiff being unable to learn about Divers Direct location addresses, hours, diving training, snorkels and wetsuits available for purchase, and the ability to create an online account, read the Return Policy, among other things readily available to sighted individuals.

38. Plaintiff also intended to use Divers Direct Website in order to purchase a gift card for himself (https://www.diversdirect.com). However, when Plaintiff went online to create an account and purchase the gift card, he was unable to complete the transaction. Neither locate a Divers Direct store near him.

39. Plaintiff called Defendant Divers Direct' store to inquire about Scuba certification training and Free-dive course, wetsuits, and find the nearest store location, nearby Plaintiff's home or near to his lawyers' office in Miami. However, Defendant's representative failed to fully assist Plaintiff and referred him to its Website.

40. Following communications with Defendant's Divers Direct representative, Plaintiff attempted to utilize Defendant's Website https://www.diversdirect.com as instructed by Defendant's representative.

41. Defendant's Website https://www.diversdirect.com was inaccessible, so Plaintiff could not (among other things):

    a.   Find out about how to register and create an online account to purchase Divers Direct snorkel equipment/wetsuit and pick up at the nearest store;

    b.   Shop and purchase online Divers Direct designers' clothing and pick it up at the nearest Divers Direct store;

    c.   Learn about Divers Direct merchandise inventory for the purpose of then going to a local Divers Direct store to try the wetsuits and Divers Direct dive equipment  and clothing.

    d.   As well as locate Divers Direct stores and opening hours. Plaintiff desires to regularly visit the store to purchase Divers Direct clothing (wetsuits) and accessories, as near

by Plaintiff's home in Orlando FL 32817. The Divers Direct stores are located in Orlando, Fort Lauderdale, Key Largo and Key West stores.

    e. Plaintiff attempted to locate an "Accessibility Notice" on Defendant's mobile website which would direct him to a webpage with contact information for disabled individuals who have questions, concerns, or who are having difficulties communicating with the business. However, Plaintiff was unable to do so because no such link or notice was provided on Defendant's website.

 42. The failure to obtain the information needed precluded Plaintiff's ability to patronize Divers Direct stores because, as a blind individual, Plaintiff needs to plan his outings out in detail in order to have the proper financing for a venture, and insure that he arrives at a given location for the desired shopping activity.

 43. In this technological era, Defendant's provision of a Website is an essential part of the services offered by its stores, because Divers Direct website and stores are heavily integrated, providing customer service to the public as part of Divers Direct stores services, privileges and benefit to the public.

 44. By this nexus, the website https://www.diversdirect.com is characterized as an intangible service, privilege and advantage provided by Divers Direct a place of Public Accommodation (Divers Direct's stores) as defined under the ADA, and thus its website is an extension of Divers Direct services, privileges and advantages made available to the general public by Defendant through its retail brick and mortar stores.

45. Defendant's Website is not designed with consideration for Universal design[2]. Universal design is necessary so visually impaired individuals who use screen reader software can access the Website.

46. Plaintiff's expectation of participating in Divers Direct website, services and privileges was eliminated since he could not access Defendant's https://www.diversdirect.com website at all to avail himself of the latest services which Defendant offers to the public.

47. The access barriers Plaintiff encountered on Defendant's website have caused a denial of Plaintiff's full and equal access multiple times in the past, and now deter Plaintiff on a regular basis from accessing Defendant's website https://www.diversdirect.com.

48. Plaintiff would like to become Defendant's patron and access the Defendant's website in the near future but the barriers Plaintiff encountered on Defendant's https://www.diversdirect.com website have impeded Plaintiff's full and equal enjoyment of goods and services offered at Defendant's brick-and-mortar stores.

49. The fact that Plaintiff could not access the Defendant's Website and could not comprehend the electronic pages contained therein, left Plaintiff excluded from accessing Divers Direct merchandise, goods and services available from Defendant and further left him with the feeling of **segregation, rejection, isolation**, and **unable to participate** in his own business affairs in a manner equal to that afforded to others who are not similarly disabled.

---

[2]Following **universal design** principles in creating a **website** provides access to all users regardless of their abilities, their disabilities, or the limitations of their equipment and software. Washington University. "Universal design is the design of products and environments to be usable by all people, to the greatest extent possible, without the need for adaption or specialized design." Kalbag, Laura (2017).

50. Plaintiff's inability to fully use Defendant's Website and the electronic pages therein has hindered, impeded and inhibited Plaintiff's access to Defendants physical store locations. Plaintiff has suffered as a result and has suffered particularized harm and an injury in fact.

51. Plaintiff cannot make proper arrangements for transportation of himself to Divers Direct's most convenient store location to Plaintiff's, without the ability to know in advance Divers Direct locations in South Florida to be able to buy online through Defendant's Website and pick up at the store.

52. Plaintiff also faces a great degree of uncertainty at not being able to view Defendant's Divers Direct merchandise diving equipment and clothing prices in advance which information is available online through Defendant's Website https://www.diversdirect.com. Because Plaintiff lacks basic understanding of the "*who, what, where, and how*" to physically travel to Defendant's Divers Direct store location in Orlando, Fort Lauderdale and/or Miami Florida, Plaintiff is effectively denied the ability to physically travel to Defendant's Divers Direct store.

53. Plaintiff has a concrete plan to regularly purchase at Divers Direct when he is treated like other members of the public. Consequently, the Plaintiff is unable to determine the cost of Defendant's goods and services at Divers Direct store.

54. By denying Plaintiff the opportunity to comprehend its Website and electronic pages therein due to Plaintiff's disability (visual impairment), Defendant has denied Plaintiff the opportunity to participate in or benefit from Defendant's goods and services as afforded to the public.

55. Plaintiff will suffer continuous and ongoing harm from Defendant's omissions, policies, and practices set forth herein unless enjoined by this Court.

56. On information and belief, Defendant has not initiated an ADA policy for effective communication to insure full and equal use of their business by individuals with disabilities.

57. On information and belief, Defendant has not provided transparency to the public by disclosing its intent to correct the inaccessibility of its Website and the electronic documents therein.

58. On information and belief, Defendant has not offered any form of electronic website in an accessible format for blind or visually impaired individuals.

59. On the information and belief, at all times material hereto, Defendant Divers Direct, since the Website is open through the internet to the public as an extension of the retail stores, the Website is an intangible service, privilege and advantage of Defendant's brick and mortar locations, and Defendant has subjected itself and the associated Website https://www.diversdirect.com it created and maintains to the requirements of the ADA.

60. Thus, Defendant, Divers Direct, has not provided full and equal enjoyment of the services, facilities, privileges, advantages, and accommodations provided at its stores and authorized retailers.

61. All Public Accommodations must insure that their p*laces of Public Accommodation* provide **Effective Communication** for all members of the general public, including individuals with disabilities.

62. On information and belief, Defendant is aware of the common access barriers and barriers to effective communication within its Website therein which prevent individuals with disabilities who are visually impaired from the means to comprehend the information presented therein.

63. Defendant and alike retailers are fully aware of need to provide full access to all visitors to its Website as Department of Justice published several communications stating that the website is an auxiliary-aid of the physical stores and must be accessible. (*September 25, 2018 letter from Assistant Attorney General) and Title III ADA 28 C.F.R. § 36.303.*

64. Binding case law increasingly recognize that private entities are providing goods and services to the public through the websites that operate as places of Public Accommodation under Title III.

65. A person who cannot see, like the Plaintiff in this case, cannot go to Defendant's website and avail themselves of the same privileges. Thus, the Plaintiff has suffered discrimination due to Defendant's failure to provide a reasonable accommodation for Plaintiff's disability.

66. Plaintiff has no plain, adequate, or complete remedy at law to redress the wrongs alleged hereinabove and this suit for injunctive relief is his only means to secure adequate redress from Defendant's unlawful and discriminatory practices. No price can be put on Plaintiff's inability to investigate, compare and obtain Divers Direct merchandise, and purchase the Snorkel and/or free-dive training course at Divers Direct as well as locate nearest stores.

67. Notice to Defendant is not required as a result of Defendant's failure to cure the violations. Enforcement of the rights of Plaintiff is right and just pursuant to 28 U.S.C. §§ 2201, 2202.

68. The Website is also a p*lace of Public Accommodation* pursuant to 42 U.S.C. §12181(7)(E) as the public is able to purchase Divers Direct merchandise online through the Website (which meets the definition of "sales establishment").

69. The Department of Justice has provided useful guidance regarding website accessibility under the ADA, and the binding and persuasive case law in this district has applied the Web Content Accessibility Guidelines ("WCAG") 2.0 or 2.1 to determine accessibility.

70. Types of website source-code programming errors include (but are not limited to) *(i) Programming Error Types*, which are easily identifiable and correctable, *(ii) Programing Alert Error Types*, which are prone to making the website inaccessible, and *(iii)* Design Errors (DEs) that create empty headings and text fields that create confusion for a user that rely on the "TAB" key to navigate a web page.

71. A sampling review of just part of it revealed that the Website is not functional for users who are visually impaired. The Website contains several types of PETs, easily identifiable and correctable, which occur throughout the Website such as:

    a.   Each a element must contain text or an img with an alt attribute.  An image with a null alt attribute an img must have an alt attribute;

    b.   Some pages have the same title, so the title cannot be used to distinguish pages;

    c.   Label text is empty;

    d.   Headings should not be empty;

    e.   iframe and frame elements must have title attributes.

    f.   Form field labels should be unique on a page, or enclosed in a fieldset with a legend that makes the label unique.

72. More violations may be present on webpages of the Website, and they will be determined and proven through the discovery process and expert audit.

73. Enforcement of Plaintiff's rights under the ADA is right and just pursuant to 28 U.S.C. §§ 2201 and 2202.

74. Plaintiff has retained the law office of Acacia Barros, Esq. and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred. Plaintiff is entitled to have reasonable attorneys' fees, costs and expenses paid by Defendant Divers Direct.

## COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

75. Part 36 of Title 28 of the C.F.R. was designed and is implemented to effectuate subtitle A of Title III of the ADA, which prohibits discrimination on the basis of disability by Public Accommodations and requires places of Public Accommodation to be designed, constructed, and altered in compliance with the accessibility standards established by ADA Part 36 regulations.

76. Defendant's Website has not been designed to interface with the widely and readily available technologies that can be used to ensure effective communication.

77. As delineated above and pursuant to 42 U.S.C. §12181(7)(E), Defendant is a *Public Accommodation* under the ADA because it owns and/or operates the https://www.diversdirect.com website which is defined within §12181(7)(E), and is subject to the ADA.

78. In addition, Defendant's representatives within its store locations have referred customers to Defendant's Website. By Defendant's representatives referring the public /visually impaired individuals to its Website for basic information needed to shop at a Divers Direct store, instead of providing such information at the physical store locations, the Website has been rendered an integral part of Defendant's physical store locations. Thus, the failure of that Website

contained therein to be accessible to visually impaired individuals impedes visually impaired individuals (such as Plaintiff) from access to Defendant's physical store locations.

79. The ADA applies to the Defendant's Website, as the Website is a *place of Public Accommodation* for the following reasons: (1) the statutory construction of the ADA demonstrates its applicability is not limited to physical "brick and mortar" locations; (2) Congress" intent was for the ADA to be responsive to changes in technology; and (3) the Department of Justice has interpreted the ADA to apply to websites.

80. No notice is required because under Title III of the ADA, 42 U.S.C. § 12182(b)(1)(A)(II), it is unlawful discrimination to deny individuals with disabilities or a class of individuals with disabilities an opportunity to participate in or benefit from the goods, services, facilities, privileges, advantages, or accommodation, which is equal to the opportunities afforded to other individuals.

81. Unlawful discrimination includes "a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages or accommodations." 42 U.S.C. § 12182(b)(2)(A)(II).

82. Unlawful discrimination also includes "a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of

the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden." 42 U.S.C. § 12182(b)(2)(A)(III).

83. Defendant is in violation of the ADA by creating barriers for individuals with disabilities who are visually impaired and who require the assistance of interface with screen reader software to comprehend and access websites and electronic documents. These violations are ongoing.

84. As a result of the inadequate development and administration of Defendant's Website, Plaintiff is entitled to injunctive relief pursuant to 42 U.S.C. §12133 and §12188, also 28 C.F.R. §36.303 to remedy the discrimination.

85. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant Plaintiff Mahlberg injunctive relief; including an order to:

a)    Require Defendant take the necessary steps to make the Website readily accessible to and usable by visually impaired users, and during that time period prior to the https://www.diversdirect.com website's being readily accessible, to provide a temporary alternative method for individuals with visual impairments to access the information available on the Website until such time that the requisite modifications are made.  Title III ADA Part 36.

b)    Require Defendant to provide the appropriate auxiliary aids such that individuals with visual impairments will be able to effectively communicate with the Website for purposes of viewing and locating Divers Direct stores (locations) and becoming informed of and signing up for Divers Direct Snorkel and/or Free-diving training certification, shopping for Divers Direct wetsuits, equipment and clothing merchandise online, and of viewing electronic documents provided to the public within Defendant's Website. During

that time period prior to the Website's being designed to permit individuals with visual impairments to effectively communicate, requiring Defendant to provide an alternative method for individuals with visual impairments to effectively communicate so they are not impeded from obtaining the goods and services made available to the public. Title III American with Disabilities Act Part 36 regulations.

**DEMAND FOR RELIEF**

86. Plaintiff RAYMOND T. MAHLBERG hereby demands judgment against Defendant "DIVERS DIRECT" and requests the following injunctive relief permanently enjoin Defendant from any practice, policy and/or procedure which will deny Plaintiff equal access to, and benefit from Defendant's services and goods, as well as the Court:

A.      Enter an Order requiring Defendant to update its https://www.diversdirect.com website to remove barriers in order that individuals with visual disabilities can access the Website and effectively communicate with the Website to the full extent required by Title III of the ADA;

B.      Enter an Order for permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a), which directs Defendant to take all steps necessary to bring the electronic documents which it provides on its electronic media into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that all Electronic documents are fully accessible to, and independently usable by, blind and low sighted individuals, and which further directs that the Court shall retain jurisdiction for a period to be determined to ensure that Defendant has adopted and is following an institutional policy that will in fact cause Defendant to remain fully in compliance with the law;

C.    The Court to award Plaintiff reasonable attorney's fees, costs and litigation expenses; such as other and further relief as the Court deems just and equitable.

## COUNT II –TRESPASS to CHATTEL AND COMPUTER TRESPASS

87. Plaintiff re-alleges paragraphs 1 through 85 as if set forth herein.

88.    Defendant's website contains software analytics and cookie files tracking technology. Since Plaintiff has navigated Defendant's website as stated herein, Plaintiff's computer and mobile phone containing the Plaintiff's personal information (PII) and browsing history stored therein, has suffered a trespass by Defendant.

89.    Plaintiff never consented or authorized to or was aware that Defendant's website was placing cookies files on his computer, pirating the memory capacity, deprives Plaintiff of the full memory use.

90.    Defendant committed common law trespass in violation of Florida law against Plaintiff because of unauthorized web cookie files (web beacons, and similar technology) in Plaintiff computer and mobile phone without Plaintiff's consent. The placement of tracking and information securing software on his personal computer and mobile was done without his knowledge and consent.

91.    Plaintiff utilizes his mobile smartphone and home computer to access websites such as the Defendant's website. Plaintiff uses his mobile device as a method of conveyance of his personal information. Plaintiff stores his personal information in his mobile smartphone as well as his home computer. Defendant retains Plaintiff's IP, browsing history, and PII information contained in Plaintiff's mobile device and home computer.

92. Future harm exists to the extent that Plaintiff's profile was collected through the cookie technology may be sold or not adequately protected, the cookies might expose Plaintiff to snail-mail solicitations, telephone marketing campaigns or perhaps even theft of valuable personal data.

93. Defendant's trespass has damaged Plaintiff by affecting the condition and value of his computer and smartphone.

94. On its website, Defendant has an internet privacy policy section that can only be accessed by clicking a barely visible section at the bottom of the page called "Privacy and Cookie Policy", providing that they use cookies and similar technologies to collect a consumer's information and they obtain non-public information from their users for their own advertising and marketing purposes by placing software on its website that collects a website user's preferences and internet browsing habits as follows: (complete Privacy Policy  and Cookie Policy are attached to this complaint as Exhibit A).

## PRIVACY NOTICE

" **Information we Collect**

When you visit the Site, we automatically collect certain information about your device, including information about your web browser, IP address, time zone, and some of the cookies that are installed on your device. Additionally, as you browse the Site, we collect information about the individual web pages or products that you view, what websites or search terms referred you to the Site, and information about how you interact with the Site. We refer to this automatically-collected information as "Device Information."

We collect Device Information using the following technologies:

   - "Log files" track actions occurring on the Site, and collect data including your IP address, browser type, Internet service provider, referring/exit pages, and date/time stamps.
   - "Web beacons," "tags," and "pixels" are electronic files used to record information about how you browse the Site.

Additionally, when you make a purchase or attempt to make a purchase through the Site, we collect certain information from you, including your name, billing address, shipping address, payment information, email address, and phone number, and other related information.  We refer to this information as Order Information."

**"Sharing Personal Information**
We share your Personal Information with third parties to help us use your Personal Information, as described above.  For example, we also use Google Analytics to help us understand how our customers use the Site--you can read more about how Google uses your Personal Information here:  https://www.google.com/intl/en/policies/privacy/.  You can also opt-out of Google Analytics here:  https://tools.google.com/dlpage/gaoptout.

Finally, we may also share your Personal Information to comply with applicable laws and regulations, to respond to a subpoena, search warrant or other lawful request for information we receive, or to otherwise protect our rights.

As described above, we use your Personal Information to provide you with targeted advertisements or marketing communications we believe may be of interest to you. "

95. Due to Plaintiff's disability, he could not understand Defendant's website and he could not give informed consent to Defendant's installation of data and information tracking software on his computer.      Defendant also could not give informed consent to Defendant's collection of his browsing history and the placement of analytics on his computer.

96. Thus, Plaintiff has no adequate remedy at law to redress Defendant's knowing and reckless disregard for Plaintiff's right to exclude others from his computer and determine which programs should be installed and operated on his computer.

97. Under the tort of trespass and Florida Statutes 810.09 and 815.06, Plaintiff seeks compensatory damages and permanent injunctive relief to prevent the continuing act of trespass by Defendant against the Plaintiff's mobile smartphone device and personal computer.

98. For all of the foregoing, the Plaintiff has no adequate remedy at law.

**WHEREFORE,** Plaintiff demands judgment against Defendant for Plaintiff's damages, interest, attorney's fee, costs, and such further relief as the Court deems just and equitable.

Dated this 16th day of July 2019.

Respectfully submitted,

_s/Acacia Barros_
Attorney for Plaintiff
ACACIA BARROS, P.A.
Acacia Barros, Esq.
FBN: 106277
11120 N. Kendall Dr., Suite 201
Miami, Florida 33176
Tel: 305-639-8381
ab@barroslawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of July 2019 that the foregoing document has been filed using CM/ECF system and will be served via email when Defendant/Defendant's counsel enters an appearance.